GOLDING BROS. CO., INC. *v.* UNITED STATES (No. 3830)[1]

United States Court of Customs and Patent Appeals, February 25, 1935

*Siegel & Mandell* (*Philip Stein* of counsel) for appellant.

*Joseph R. Jackson*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *Peter A. Abeles*, special attorney, of counsel), for the United States.

[Oral argument February 4, 1935, by Mr. Stein and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal in a reappraisement proceeding wherein the First Division of the United States Customs Court, Judge Brown dissenting, affirmed a judgment of the single judge sitting in reappraisement, holding that the dutiable value of the involved merchandise was its United States value, as found by the appraiser and affirmed by the single judge sitting in reappraisement.

The merchandise consists of certain colored cotton mattress ticking branded as "Commodore", exported from Belgium on September 1, 1931, and entered at the port of New York on September 16, 1931.

---

[1] T. D. 47585.

The facts relative to the appraisement of the merchandise and its reappraisement by a single judge sitting in reappraisement are set forth in our opinion in the case of *Golding Bros. Co., Inc.* v. *United States*, 21 C. C. P. A. (Customs) 395, T. D. 46926, which involved the same merchandise and the same appraisement as is here involved. In that case we reversed the judgment of the appellate division of the Customs Court and remanded the case for a rehearing; such a rehearing was had and the decision of the single judge, holding that the dutiable value of the involved merchandise was the appraised value thereof, was again affirmed. In the decision here for review, as in the original decision, there are three separate opinions, to wit, an opinion by Judge McClelland, a concurring opinion by Judge Sullivan, and a dissenting opinion by Judge Brown.

The question involved is whether there was a foreign value of the merchandise at the date of its exportation to the United States.

In our former decision, reversing and remanding the case to the Customs Court, we said:

It is our conclusion in the instant case that, for the reasons indicated, the appeal from the single judge should be reheard, to the end that there may be a consideration and weighing of all the competent evidence in the case, *and a statement of findings of fact in conformity with the statute.* (Italics supplied.)

The return of the Customs Court to us upon this appeal recites in part as follows:

Now, therefore, pursuant to said order, the United States Customs Court does hereby transmit to said Court of Customs and Patent Appeals the record, evidence, exhibits, and samples in said case, *together with a certified statement of the facts involved in the case, and also its decision thereon.* (Italics supplied.)

Section 501 of the Tariff Act of 1930, relating to reappraisements by the Customs Court, requires the division, upon appeal from the single judge, to "state its action in a written decision, to be forwarded to the collector, *setting forth the facts upon which the finding is based and the reasons therefor.*" (Italics supplied.)

The decision before us contains no findings of fact as required by the statute; we particularly called attention to this requirement of the statute in our former decision remanding the case.

The case before the Customs Court turned upon the question of what weight, if any, should be given to the affidavit of one Eugene Bekaert, statements in evidence made by him to representatives of the Treasury Department, records of certain sales of merchandise in Belgium by the foreign manufacturer appended to the affidavit, and records of sales of merchandise in Belgium set forth in the reports of the Treasury agents.

Upon consideration of all of these matters, it would seem that findings of fact could be concurred in by a majority of the court, upon which a finding of foreign value or lack of it could properly be based.

It is well established that the weight to be given to affidavits and reports of Treasury agents is exclusively for the Customs Court to determine. *United States* v. *Baldwin Universal Co.*, 18 C. C. P. A. (Customs) 394, T. D. 44641; *Downing & Co. et al.* v. *United States,* 16 Ct. Cust. Appls. 293, T. D. 42873.

Inasmuch as the decision and judgment appealed from do not embrace any findings of fact as required by section 501, *supra,* the judgment is *reversed* and the case is *remanded* for further proceedings to the end that a decision may be rendered in accordance with the provisions of the statute governing reappraisements by the Customs Court.